IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00030-WYD-MEH

JOHN B. VIROSTEK and
ROBIN WOOD-VIROSTEK,

    Plaintiffs,

v.

INDY-MAC MORTGAGE SERVICES;
ONEWEST BANK;
DEUTSCHE BANK NATIONAL TRUST; and
MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS),

---

**ORDER AFFIRMING AND ADOPTING
MAGISTRATE JUDGE'S RECOMMENDATION**

---

THIS MATTER is before the Court in connection with Defendants IndyMac Mortgage Services, OneWest Bank, FSB, Deutsche Bank National Trust and Mortgage Electronic Registration Systems' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed March 21, 2011.  This motion was referred to Magistrate Judge Hegarty for a recommendation by Order of Reference of January 12, 2011 and Memorandum of March 28, 2011.  A Recommendation of United States Magistrate Judge was issued on September 6, 2011, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty recommends therein that Defendants' Motion to Dismiss be granted in part and denied in part.  Specifically, he finds that the Court lacks subject matter jurisdiction over the Colorado Consumer Protection Act ["CCPA"] claim and any contract claims based upon the identity of the noteholder and these claims should be

dismissed. (Recommendation at 8-12, 23.) He finds that Plaintiff's claim for rescission of a contract under the Truth in Lending Act ["TILA"]is barred by the statute of repose and is also subject to dismissal. (*Id.* 13-14, 23.) Additionally, he finds that Plaintiffs alleged sufficient factual allegations to state a claim of fraud only as to Defendant IndyMac Mortgage Services ["IndyMac"] but not the other Defendants. (*Id.* 16-17, 23.) Thus, he recommends that the fraud claim be dismissed as to all Defendants except IndyMac. He also finds that Plaintiffs failed to provide sufficient factual allegations as to the claims for damages under the Truth in Lending Act ["TILA"], breach of contract, breach of good faith and fair dealing, breach of implied contract, and breach of fiduciary duty against all the Defendants, and that these claims be dismissed. (*Id.* 15-16, 18-21, 23.)

In light of the recommendation to dismiss all claims over which this Court has original jurisdiction, Magistrate Judge Hegarty stated "it would be proper to further recommend that the District Court decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims." (Recommendation at 15.) Alternatively, he recommended that Plaintiffs be allowed to file a Second Amended Complaint, consistent with Fed. R. Civ. P. 8 and 9(b), as to the claims for fraud (except as to Defendant IndyMac), damages for violation of the TILA, breach of contract, breach of implied contract, breach of good faith and fair dealing, and breach of fiduciary duty against the Defendants. (*Id.* at 21-22.)

Magistrate Judge Hegarty advised the parties that specific written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 1, n. 1.) Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v.*

*Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); see also *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Hegarty's sound analysis and accept it in its entirety the recommendation to grant in part and deny in part Defendants' Motion to Dismiss.  Thus, I deny Defendants' Motion to Dismiss as to Plaintiff's fraud claim against Defendant IndyMac, and grant the Motion as to all other claims and all other Defendants.  The caption will hereafter be amended to reflect this decision.

However, I still must resolve the issue of whether to decline to exercise supplemental jurisdiction over the remaining state law claim of fraud or to allow Plaintiff to file a Second Amended Complaint over the claims for which they failed to allege sufficient factual allegations under Rule 12(b)(6).  If the only claims to be amended were state law claims, I would decline to accept supplemental jurisdiction.  However, Magistrate Judge Hegarty found pleading deficiencies with respect to a claim over which this Court has original jurisdiction—a claim for damages under the Truth in Lending Act.  Plaintiffs may be able to state such a claim if they plead sufficient factual allegations.

Thus, I find that it is proper to keep the case in this Court (at least for now) and to

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

allow Plaintiffs the opportunity to amend the complaint to attempt to cure the pleading deficiencies. This is consistent with the general practice in this Circuit of not dismissing a case under Rule 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, Plaintiffs may, within thirty days, file a Second Amended Complaint as to the following claims which were dismissed under Rule 12(b)(6): fraud (except as to Defendant IndyMac), damages for violation of the TILA, breach of contract, breach of implied contract, breach of good faith and fair dealing and breach of fiduciary duty). I agree with Magistrate Judge Hegarty that amendment would be futile as to the CCPA claim and the claim for rescission under the TILA; thus, these claims may not be asserted in the Second Amended Complaint.

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge dated September 6, 2011, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendants IndyMac Mortgage Services, OneWest Bank, FSB, Deutsche Bank National Trust and Mortgage Electronic Registration Systems' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed March 21, 2011 (ECF No. 11) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is

ORDERED that Defendants' Motion to Dismiss is **GRANTED** as to the Colorado Consumer Protection Act claim, any contract claims based upon the identity of the noteholder, and the claim for rescission under TILA, and these claims are **DISMISSED WITH PREJUDICE**. Defendants' Motion to Dismiss is also **GRANTED** as to the claims of

fraud (except as to IndyMac Mortgage Services), damages under the Truth in Lending Act, for breach of contract, breach of good faith and fair dealing, breach of implied contract, and breach of fiduciary duty, and these claims are **DISMISSED WITHOUT PREJUDICE**. Defendants' Motion to Dismiss is **DENIED** as to the claim of fraud against Defendant IndyMac Mortgage Services.  Finally, it is

ORDERED that Plaintiffs are granted leave to file by **Thursday, February 2, 2012**, a Second Amended Complaint asserting the claims of fraud (except as to IndyMac), damages under the Truth in Lending Act, for breach of contract, breach of good faith and fair dealing, breach of implied contract, and breach of fiduciary duty, if they so choose, in accordance with this Recommendation and all applicable local and federal court rules.

Dated:  January 3, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge