IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00030-WYD-MEH

JOHN B. VIROSTEK, and
ROBIN WOOD-VIROSTEK,

      Plaintiffs,

v.

INDYMAC MORTGAGE SERVICES,
ONE WEST BANK,
DEUTSCHE BANK NATIONAL TRUST, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS),

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is the Defendants IndyMac Mortgage Services ("IndyMac"), One West Bank, FSB ("One West"), Deutsche Bank National Trust ("Deutsche Bank") and Mortgage Electronic Registration Systems' ("MERS") Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [filed February 15, 2012; docket #41], which has been converted to a Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56. The motion is referred to this Court for recommendation. (Docket #42.) The matter is fully briefed, including supplemental briefing on the Rule 56 conversion, and the Court heard oral argument on May 17, 2012. For the reasons that follow and considering the entire record herein, the Court RECOMMENDS the Defendants' motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

**BACKGROUND**

**I.     Procedural History**

On January 5, 2011, Plaintiffs, proceeding *pro se*, initiated this action by filing "Plaintiff's Verified Complaint for Violation of RESPA, TILA, Fraud and Breach of Contract." (Docket # 1.) Plaintiff slater, as a matter of right, filed "Plaintiff's Verified First Amended Complaint for Violation of RESPA, TILA, Fraud and Breach of Contract." (Docket #7.) In the First Amended Complaint, Plaintiffs sought contract rescission, injunction of foreclosure and eviction proceedings, and damages for violations of various statutes and common laws pertaining to the foreclosure of their property in Frisco, Colorado. Plaintiffs brought claims of fraud, violation of the Colorado Consumer Protection Act (CCPA), breach of contract, breach of duty of good faith and fair dealing, breach of implied contract, breach of fiduciary duty, and violations of the Truth in Lending Act (TILA).

On September 6, 2011, this Court issued a recommendation that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) be granted in part and denied in part. (Docket # 30.) Specifically, the Court recommended that the District Court:

(1)     Deny the motion with respect to the claim for fraud against Defendant IndyMac;

---

assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

(2) Grant the motion with respect to the CCPA claim, any contract claims based upon the identity of the noteholder, and the claim for rescission under TILA, and dismiss such claims with prejudice;

(3) Grant the motion with respect to the claims for fraud (except as to IndyMac), for damages under TILA, for breach of contract, breach of good faith and fair dealing, breach of implied contract, and breach of fiduciary duty, and dismiss such claims without prejudice; and

(4) Grant the Plaintiffs leave to file, within thirty (30) days of the Court's order, a Second Amended Complaint asserting the claims set forth in paragraph (3), if they so choose, in accordance with this Recommendation and all applicable local and federal court rules.

*Id.* On January 3, 2012, the District Court affirmed and adopted the recommendation, ordering that "Plaintiffs may, within thirty days, file a Second Amended Complaint as to the following claims which were dismissed under Rule 12(b)(6): fraud (except as to Defendant IndyMac), damages for violation of the TILA, breach of contract, breach of implied contract, breach of good faith and fair dealing and breach of fiduciary duty." Judge Daniel further agreed that "amendment would be futile as to the CCPA claim and the claim for rescission under the TILA; thus, these claims may not be asserted in the Second Amended Complaint."

On February 1, 2012, the Plaintiffs filed a Second Amended Complaint, purportedly alleging claims for fraud, deceptive advertising, conspiracy, unjust enrichment and quiet title. Docket #40. Thereafter, on February 15, 2012, the Defendants filed the present motion arguing not only that the Plaintiffs failed to comply with the Court's order, but also that the claims alleged in the Second

Amended Complaint fail to meet the requirements of Rule 8 and Rule 9(b), and fail to allege facts specifically related to Plaintiffs' loan or property. According to Defendants, the Second Amended Complaint "appears to be a cut and paste of a complaint that has been widely rejected by federal courts." Docket #41 at 2. Further, Defendants contend that Plaintiffs entered into a settlement with Defendants by which they released any and all claims concerning the subject property.

Plaintiffs filed a "response" to the motion, but responded to none of the arguments proffered by the Defendants. Instead, Plaintiffs state "[t]he Defendants have committed fraud in the foreclosure of the Plaintiffs [sic] property because they lack standing," and proceed to assert a violation of the Fair Debt Collection Practices Act. *See* docket #47. Defendants reply that Plaintiffs' response is lacking and improperly attempts to state an additional claim, and they repeat their arguments concerning the insufficiency of the Second Amended Complaint.

Because the Defendants support their motion with evidence outside the pleadings, in the form of a document purportedly reflecting a settlement between the Plaintiffs and Defendants, the Court notified the parties that it would convert the motion to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. The Court ordered the parties to file any supplemental briefing on or before April 20, 2012.

In their supplemental brief, Defendants provide a statement of facts and declaration by Charles Boyle, Vice President of Defendant One West Bank. Mr. Boyle attests that, on May 9, 2011, upon a Summit County District Court order authorizing sale of the subject property, the property was sold at a public auction. Thereafter, on June 7, 2011, Plaintiffs agreed to vacate the property in exchange for a payment of $7,700.00 from Defendants. As part of the settlement, Plaintiffs agreed to release One West and its successors or assigns from any and all claims, causes

of action, suits and damages in connection with the subject property. In support of their position, Defendants attach copies of a Relocation Program agreement signed by the Plaintiffs on May 23, 2011, a W-9 Request for Taxpayer Identification Number form prepared and signed by Plaintiff John Virostek on May 23, 2011; a Release signed by the Plaintiffs on June 7, 2011, and a fax cover letter acknowledging vacancy of the property, apparently signed by a representative of Lender Processing Services on June 11, 2011.

Plaintiffs' supplemental brief mentions nothing about the purported settlement of the case; rather, Plaintiffs argue that the mortgage note was securitized and sold in accordance with a mortgage pooling agreement to investors. They also contend that One West purchased some, but not all, of IndyMac's assets, and there is no indication that the subject mortgage note was among those assets. Thus, according to Plaintiffs, when One West supposedly sold the note to Deutsche Bank, it committed fraud because it did not actually own the note. Therefore, say the Plaintiffs, Deutsche Bank is claiming ownership to a note it does not legally own, and it has no standing to foreclose on the subject property. In support of its position, Plaintiffs attach what appears to be a 174-page SEC filing concerning the IndyMac INDX Mortgage Loan Trust 2006-AR5, a May 26, 2009 court order from the United States District Court for the District of Massachusetts concerning an appeal from sanctions imposed by a bankruptcy court below, and a declaration submitted by an "expert" apparently in support of claims or defenses made in a bankruptcy case in the District of Arizona.

On May 17, 2012, this Court held a hearing on the motion at which the Defendants, through their counsel, appeared in person and the Plaintiffs appeared by telephone. The Plaintiffs conceded on the record that their claims against One West Bank have been released through the June 2011

relocation agreement. Further, Defendants explained that IndyMac was the original lender, but was purchased by One West Bank and became a division of One West that serviced the Plaintiff's loan. In addition, MERS was denominated on the Deed of Trust as the nominee for IndyMac, and when the loan was securitized, the note was endorsed in blank by IndyMac and transferred to Deutsche Bank as trustee for the security. At that point, Deutsche Bank, as trustee, became holder of the note.

Plaintiff John Virostek testified that Deutsche Bank proceeded with foreclosure and sale of the subject property in or about March 2011. Defendants assert that, at that time, Plaintiffs owed approximately $541,000.00 on the loan. The property was sold in May 2011 to Deutsche Bank for approximately $566,700.00.

**I.     Findings of Fact**

The Second Amended Complaint itself contains no factual allegations – only legal conclusions and argument – supporting the Plaintiffs' stated claims for fraud, deceptive advertising, conspiracy, unjust enrichment and quiet title. For purposes of analyzing this motion and providing a background for the case, the Court will glean the facts of this matter from undisputed factual allegations made previously in this case and from admissible evidence provided. The Court finds the following facts viewed in the light most favorable to the Plaintiffs, who are the non-moving parties in this matter. The facts noted here constitute only those necessary for the Court's analysis of the arguments raised in the present motion.

1. Plaintiffs purchased real property located at 972 Lakepoint Drive, Frisco, Colorado on September 9, 2005. (Verified First Amended Complaint, docket #7 at 4.)

2. To purchase the property, Plaintiffs entered into an agreement with IndyMac Bank, FSB ("IndyMac") to borrow funds. (*Id.*)

3. This agreement consisted of a Promissory Note and a Deed of Trust, which were recorded with the Summit County Clerk and Recorder's Office on September 22, 2005. (*Id.*)

4. The Deed of Trust identifies IndyMac as the lender and Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary (as nominee for IndyMac). (Declaration of Charles Boyle in Support of Motion for Summary Judgment, April 20, 2012 ("Boyle Declaration"), ¶ 8, docket #50-1.)

5. Plaintiffs' loan was securitized as part of the IndyMac INDX Mortgage Loan Trust 2006-AR6, Mortgage Pass-Through Certificates, Series 2006-AR6 mortgage trust. *Id.*, ¶ 10.

6. Deutsche Bank National Trust Company ("DBNTC") was trustee of the INDX Mortgage Loan Trust 2006-AR6, Mortgage Pass-Through Certificates, Series 2006-AR6, under the Pooling and Services Agreement dated April 1, 2006. *Id.*, ¶ 11.

7. Plaintiffs stopped paying their mortgage in November 2009. *Id.*, ¶ 9.

8. On February 18, 2010, DBNTC filed a notice of election and demand for sale with the public trustee of Summit County, Colorado. *Id.*, ¶ 12.

9. On May 4, 2010, the District Court of Summit County issued an order authorizing sale of the subject property. *Id.*, ¶ 13.

10. On May 9, 2011, the property was sold to DBNTC at a public auction conducted by the public trustee of Summit County. *Id.*, ¶ 14.

11. On June 7, 2011, the Plaintiffs agreed to vacate the property and release all claims concerning the property against One West Bank in exchange for a payment from One West Bank of $7,700.00.

## **LEGAL STANDARDS**

**I.     Dismissal Pursuant to Fed. R. Civ. P. 56**

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Id.* at 324.

That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation omitted); *see also Hysten v. Burlington Northern & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere

pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## II.     Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Defendants argue first that Plaintiffs failed to comply with Judge Daniel's specific order to file a Second Amended Complaint asserting factual allegations for their claims of fraud (except as

to Defendant IndyMac), damages for violation of the TILA, breach of contract, breach of implied contract, breach of good faith and fair dealing, and breach of fiduciary duty. Defendants also contend that any newly stated claims in the Second Amended Complaint are not supported by factual allegations and fail to state viable claims. Finally, Defendants assert that Plaintiffs claims are barred by a release executed by the Plaintiffs in favor of the Defendants.

In the briefing, the Plaintiffs do not rebut the Defendants' arguments. However, at the hearing, Plaintiffs conceded on the record that they have released their claims against One West Bank, but argued that they were coerced into executing the release of claims and vacating the property in exchange for $7,700.00. Regarding Defendants' other arguments, Plaintiffs simply stand on their own contention that Deutsche Bank has not proven it is the noteholder and, thus, had no standing to foreclose on their property.

The Court will begin with an analysis of the settlement and release of claims. If any claims remain against any Defendants, the Court will proceed to analyze whether Plaintiffs complied with Judge Daniel's order, and if so, whether their claims survive Defendants' Rule 12(b)(6) defense.

    A.    <u>Settlement and Release of Claims</u>

As an affirmative defense, Defendants bear the burden of demonstrating waiver. *See* Fed. R. Civ. P. 8(c); *see also Madrid v. Phelps Dodge Corp.*, 211 F. App'x 676, 681 (10th Cir. Nov. 29, 2006) (unpublished) (finding defendants bore the ultimate burden of proof because they sought summary judgment based upon the affirmative defense of waiver); *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) ("[a] defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to a judgment as a matter of law. The defendant making such a motion must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."). Here, it is undisputed that the Plaintiffs executed a "Release" of claims

pertaining to the subject property and received compensation of $7,700.00. What *is* disputed is the application of the Release to each named Defendant.

The subject Release provides, in pertinent part, that John and Robin Virostek "hereby release any and all rights of possession, occupancy and all rights of redemption in and to the Property [at 972 Lake Point Dr., Frisco, CO 80443], and further release One West Bank, its officers, directors, employees, attorneys, agents (LPS Asset Management Solutions and its real estate representative) and/or successors and assigns, from any and all claims, demands, causes of action, suits, and damages and liabilities, in connection with the Property and/or our use and occupancy thereof." Release, June 7, 2011, docket #41-4 at 17.

Plaintiffs concede that they have released their claims against One West Bank; therefore, the Court recommends that the District Court find summary judgment in favor of Defendant One West Bank. However, Defendants fail to meet their burden of demonstrating that IndyMac, Deutsche Bank and MERS are included in the Release of claims;[2] the Defendants do not argue, and the Court does not perceive without argument or evidence, that the remaining Defendants are "officers, directors, employees, attorneys, agents (LPS Asset Management Solutions and its real estate representative) and/or successors and assigns" of One West Bank as set forth in the Release. According to Defendants, IndyMac was purchased by One West and the mortgage servicing company became a "division" of One West; however, there is no argument nor indication that IndyMac is included among the released parties. Likewise, Deutsche Bank apparently purchased some assets belonging to One West (including the subject note), but has not been characterized as a "successor or assign." MERS is characterized as a "nominee" of IndyMac, which language is not

---

[2]Because the Court finds that Plaintiffs have not waived their claims against Defendants IndyMac, Deutsche Bank and MERS, the Court need not determine whether the Release was knowing and voluntary.

11

included in the Release.

Thus, the Court recommends finding the Defendants have failed to demonstrate that no genuine issues of material fact exist as to whether IndyMac, Deutsche Bank and MERS are included in the Release executed by Plaintiffs John and Robin Virostek on June 7, 2011.

### B.     Compliance with Judge Daniel's Order

Alternatively, the Defendants contend that summary judgment is proper for the Plaintiffs' continued failure or refusal to comply with court orders. Specifically, Defendants argue the Plaintiffs failed to comply with Judge Daniel's order to file a Second Amended Complaint in accordance with his instructions and this Court's September 6, 2011 recommendation. The Court agrees.

Although Plaintiffs are proceeding in this case without an attorney, they bear the responsibility of prosecuting this case with due diligence. As set forth above, this Court recommended dismissal of the Plaintiff's First Amended Complaint (except for the fraud claim against IndyMac), and that the District Court grant Plaintiffs leave to file an amended pleading in which they might allege facts supporting several of their dismissed claims. Judge Daniel adopted the recommendation and instructed the Plaintiffs to file a Second Amended Complaint "as to the following claims which were dismissed under Rule 12(b)(6): fraud (except as to Defendant IndyMac), damages for violation of the TILA, breach of contract, breach of implied contract, breach of good faith and fair dealing and breach of fiduciary duty." Judge Daniel further agreed with this Court that "amendment would be futile as to the CCPA claim and the claim for rescission under the TILA; thus, these claims may not be asserted in the Second Amended Complaint." Judge Daniel granted Plaintiffs 30 days within which to file the amended pleading and ordered that they comply with this Court's recommendation, which states,

> the Plaintiffs must identify the rights they believe were violated, the name of the

person or entity which violated that right, exactly what that individual did or failed to do, how the action or inaction of that person or entity is connected to the violation of the Plaintiffs' rights, and what specific injury Plaintiffs suffered because of the other person's or entity's conduct. *See Ferrell v. Stumpf*, No. 10-1231-PHX-MHM, 2010 WL 3925133, at *2 (D. Ariz. Oct. 4, 2010) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). Any Second Amended Complaint should focus on facts from which the Court can determine the harm each and every Defendant allegedly caused to Plaintiffs and why Plaintiffs are entitled to seek relief for the alleged harms in this Court. *Id*.

The Plaintiffs timely filed their Second Amended Complaint on February 1, 2012; however, the pleading alleges no facts supporting the stated claims, including no mention of "the name of the person or entity which violated [the stated] right, exactly what that individual did or failed to do, how the action or inaction of that person or entity is connected to the violation of the Plaintiffs' rights, and what specific injury Plaintiffs suffered because of the other person's or entity's conduct." Furthermore, the Plaintiffs assert claims other than those allowed by Judge Daniel, including a claim for quiet title (based upon a "standing" theory), which is the same or similar to the CCPA claim Plaintiffs brought in the First Amended Complaint and Judge Daniel dismissed with prejudice. Further, the pleading names alleged wrongdoers such as "Agent" and "Appraiser," but fails to identify who these persons or entities might be. Likewise, the pleading alleges actions by "Lender" that have no relevance to this action and for which the Plaintiffs likely have no standing to recover for any such claims, including that the "Lender" defrauded investors, taxpayers and "backers of derivatives." In sum, the Second Amended Complaint appears to be what Defendants characterize as a "cut and paste" of an online pleading, and in no way complies with the recommendation of this Court and Judge Daniel's order; in fact, the pleading likely fails to comport with Fed. R. Civ. P. 8 and 9(b). Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

13

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiffs' failure to comply with Judge Daniel's order and refusal to respond to arguments made in support of, or cure defects identified in, the dispositive motion has caused the Defendants prejudice in this case. The case was filed nearly 17 months ago, and the Defendants have yet to know what, if any, claims will proceed in the litigation for which they must prepare a defense. Certainly, Plaintiffs' conduct has caused delay and

14

mounting attorney's fees. Moreover, Plaintiffs' failure or refusal to prepare a Second Amended Complaint in accordance with court orders has hindered the Court's management of its docket and interfered with the just and speedy determination of this action. *See* Fed. R. Civ. P. 1.

Furthermore, the Plaintiffs have provided no justification for their failure to comply with this Court's recommendation and Judge Daniel's order; their culpability is evident. And, although the Plaintiffs were not specifically warned that the case would be dismissed for failure to comply, the Plaintiffs knew or should have known that, with the dismissal of all but one claim in their First Amended Complaint, any failure to properly state claims in the Second Amended Complaint as set forth in this Court's recommendation and Judge Daniel's order would result in dismissal. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiffs have been given notice and opportunity to cure the defects of their pleading, but have failed or refused to comply with court orders instructing them how to cure. Under these circumstances and in accordance with *Ehrenhaus*, the Court concludes that dismissal with prejudice is the appropriate result.

        C.      <u>No Genuine Issues of Material Fact</u>

Even if the District Court were to determine that Plaintiffs' claims should not be dismissed as a sanction for failure to comply with court orders, this Court recommends that the District Court find the Plaintiffs have demonstrated no genuine issues of material fact in this case. As set forth herein, the Second Amended Complaint states only bare allegations and legal conclusions, which raise no issues of material fact that would justify proceeding to a jury. The party opposing a motion for summary judgment may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is

that there be no *genuine* issue of *material* fact.") (emphasis in original) (citation omitted). Plaintiffs' only response to the converted motion for summary judgment is an argument concerning the "standing" issue for which Plaintiffs contend that One West Bank has committed fraud and Deutsche Bank has claimed ownership to a Note that it does not legally own. *See* docket #51. Attached to Plaintiffs' brief is a 174-page SEC filing (to which the Plaintiffs make no specific reference, except as to the undisputed fact that the note was securitized), an "expert declaration" made by a lawyer in an unrelated bankruptcy case in the District of Arizona (to which the Plaintiffs make no reference), and a copy of a May 26, 2009 order issued in an unrelated case in the District of Massachusetts. Dockets #51-1 through #51-3. However, again, the Plaintiffs in their First Amended Complaint alleged their standing theory in a CCPA claim, which was dismissed with prejudice by Judge Daniel for lack of subject matter jurisdiction.

The Court concludes that Plaintiffs' pleading, argument and evidence are insufficient to demonstrate a genuine issue of material fact as to whether the Defendants are liable for any injuries suffered by the Plaintiffs. Thus, this Court recommends that the District Court find Defendants are entitled to summary judgment in this case.

## CONCLUSION

Accordingly, the Court RECOMMENDS that the District Court **GRANT** Defendants IndyMac Mortgage Services ("IndyMac"), One West Bank, FSB ("One West"), Deutsche Bank National Trust ("Deutsche Bank") and Mortgage Electronic Registration Systems' ("MERS") Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), converted to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d) and 56 [filed February 15, 2012; docket #41] and dismiss the Plaintiffs' claims with prejudice.

Respectfully submitted at Denver, Colorado, this 29th day of May, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge