IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00030-WYD-MEH

JOHN B. VIROSTEK and
ROBIN WOOD-VIROSTEK,

      Plaintiffs,

v.

INDY-MAC MORTGAGE SERVICES;
ONE WEST BANK;
DEUTSCHE BANK NATIONAL TRUST; and
MORTGAGE ELECTRONIC REGISTRATION SYSTEM (MERS),

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter comes before the Court on Defendants IndyMac Mortgage Services

("Indymac"), One West Bank FSB ("One West"), Deutsche Bank National Trust

("Deutsche Bank") and Mortgage Electronic Registration Services ("MERS") Motion to

Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed

February 15, 2012.  This motion was converted to a motion for summary judgment by

Notice dated April 4, 2012.  Defendants' motion was referred to Magistrate Judge

Hegarty for a recommendation by Order of Reference of January 12, 2011, and

Memorandum of February 15, 2012.  Magistrate Judge Hegarty held a hearing on the

motion on May 17, 2012.

On May 29, 2012, a Recommendation of United States Magistrate Judge was issued, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Magistrate Judge Hegarty recommends therein that Defendants' motion for summary judgment be granted and this case dismissed with prejudice.

Specifically, the Recommendation notes that Plaintiff's Second Amended Complaint was filed after the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  (Recommendation at 3.)  By Order of January 3, 2012, Plaintiffs were granted leave to file a Second Amended Complaint as to certain claims.  The Second Amended Complaint purportedly alleges claims for fraud, deceptive advertising, conspiracy, unjust enrichment and quiet title.  (ECF No. 40.)  After the Second Amended Complaint was filed, Defendants filed the present motion to dismiss arguing not only that the Plaintiffs failed to comply with the Court's Order, but also that the claims fail to meet the requirements of Rule 8 and Rule 9(b) and fail to allege facts specifically related to Plaintiffs' loan or property.  (Recommendation at 3-4.)  Magistrate Judge Hegarty also noted Defendants' assertion that the Second Amended Complaint "appears to be a cut and paste of a complaint that has been widely rejected by federal courts."  (*Id.* at 4) (quoting ECF No. 41 at 2.)  Further, Defendants argued that Plaintiffs entered into a settlement with them by which they released any and all claims concerning the subject property.  (*Id.*)

The Recommendation states that Plaintiffs' "Response" to Defendants' motion did not respond to any of the arguments proffered by the Defendants.  (*Id.*)  Instead,

Plaintiffs argued that Defendants committed fraud in the foreclosure of their property because they lack standing, and asserted a violation of the Fair Debt Collections Practices Act.  (*Id.*)

As to the merits of Defendants' motion, Magistrate Judge Hegarty recommends that summary judgment be entered in favor of One West Bank and against Plaintiffs due to the fact that Plaintiffs executed a "Release" of claims pertaining to the subject property and received compensation of $7,700.00.  (Recommendation at 10-11.) Indeed, the Recommendation noted that Plaintiffs conceded this fact.  (*Id.* at 11.) However, Magistrate Judge Hegarty found that Defendants failed to meet their burden of demonstrating that IndyMac, Deutsche Bank and MERS are included in the Release of claims, and recommended that summary judgment be denied as to those Defendants on that basis.  (*Id.*)

Magistrate Judge Hegarty then analyzed Defendants' argument that summary judgment is proper because Plaintiffs' Second Amended Complaint failed to comply with the instructions set forth in the Court's Order of January 3, 2012, and the Recommendation of September 6, 2012.  He found, after analyzing the appropriate factors, that dismissal was appropriate on this basis as a sanction under Fed. R. Civ. P. 41(b).  (Recommendation at 13-15.)  In support of this recommendation, Magistrate Judge Hegarty noted that, contrary to the Court's January 2012 Order, the Second Amended Complaint "alleges no facts supporting the stated claims, including no mention of "the name of the person or entity which violated [the stated] right, exactly what that individual did or failed to do, how the action or inaction of that person or entity

is connected to the violation of the Plaintiffs' rights, and what specific injury Plaintiffs

suffered because of the other person's or entity's conduct." (*Id.* at 13.)  The

Recommendation also noted other deficiencies with the Second Amended Complaint,

including the fact that Plaintiffs asserted claims other than those allowed by the January

2012 Order and the earlier Recommendation, including a claim for quiet title which is

the same or similar to the CCPA claim that I dismissed with prejudice in connection with

the First Amended Complaint.  (*Id.*)  The Recommendation noted that Plaintiffs provided

no justification for the failure to comply with the previous Recommendation and Order,

that their failure to comply with the Order caused Defendants prejudice, and that no

sanction less than dismissal would be appropriate.  (*Id.* at 14-15.)

Finally, Magistrate Judge Hegarty found that even if Plaintiffs' claims should not

be dismissed as a sanction for failure to comply with court orders, the claims should be

dismissed because Plaintiffs have demonstrated no genuine issues of material fact.

(Recommendation at 15.)  He noted that "the Second Amended Complaint states only

bare allegations and legal conclusions, which raise no issues of material fact that would

justify proceeding to a jury." (*Id.*)  Magistrate Judge Hegarty also looked at the

argument and evidence presented by Plaintiffs, and found that "Plaintiffs' pleading,

argument and evidence are insufficient to demonstrate a genuine issue of material fact

as to whether the Defendants are liable for any injuries suffered by the Plaintiffs." (*Id.* at

16.)

The Recommendation advised the parties that specific written objections were

due within fourteen (14) days after service of the Recommendation.  (Recommendation

at 1-2, n. 1.)  Despite this advisement, no objections were filed to the Recommendation.

No objections having been filed, I am vested with discretion to review the

Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

(stating that "[i]t does not appear that Congress intended to require district court review

of a magistrate's factual or legal conclusions, under a de novo or any other standard,

when neither party objects to those findings").  Nonetheless, though not required to do

so, I review the Recommendation to "satisfy [my]self that there is no clear error on the

face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error

on the face of the record.  I agree with Magistrate Judge Hegarty's thorough analysis

and find that the Recommendation should be affirmed and summary judgment granted

as to the Defendants for all the reasons stated in the Recommendation.  Accordingly, it

is

ORDERED that the Recommendation of United States Magistrate Judge dated

May 29, 2012, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss Plaintiffs' Second Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 41), which was converted to a

Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, is **GRANTED**, and this

matter is **DISMISSED WITH PREJUDICE**.

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Dated:  August 8, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge